

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00074-CR

———————————————

OLUMAYOWA BAIYERI, Appellant

V.

THE STATE OF TEXAS

On Appeal from County Criminal Court No. 4
Denton County, Texas
Trial Court No. CR-2021-02530-D

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

By complaint, the State charged Appellant Olumayowa Baiyeri with the Class B misdemeanor offense of driving while intoxicated. *See* Tex. Penal Code Ann. § 49.04. A jury found Baiyeri guilty, and the trial court assessed his punishment at confinement for 75 days in jail and a $300 fine, but the trial court suspended his jail sentence and placed him on community supervision for 12 months. *See id.* § 12.22. After the trial court denied Baiyeri's timely filed motion for new trial, Baiyeri filed a notice of appeal. Baiyeri did not, however, file a brief, so we submitted his case without one. Because the record shows no fundamental error, we affirm.

## I. BACKGROUND

The clerk's record was timely filed in May 2022. Thereafter, however, the appeal proceeded haltingly.

In August 2022, we received a notice from the court reporter that Baiyeri had not yet made any payment arrangements for the reporter's record. By clerk's letter, we instructed Baiyeri's counsel to file proof of payment by August 18, 2022.

In September 2022, the court reporter notified us that Baiyeri was making payment arrangements for the reporter's record, and in the same document, the court reporter requested an extension of time to complete it. Later that same month, Baiyeri's counsel filed proof of payment. Not long thereafter, in October 2022, the reporter's record was filed.

Baiyeri's appeal then stumbled over new obstacles.

We granted Baiyeri's counsel briefing extensions on December 15, 2022, and February 2, 2023. Our February 2, 2023 order set a briefing deadline of March 20, 2023, and discouraged any further extensions.

When Baiyeri failed to file either a brief or a motion to extend time to file a brief, we abated the appeal on May 5, 2023, and instructed the trial court to conduct a hearing to determine whether Baiyeri still wanted to prosecute the appeal and—if he did—to take any measures it deemed necessary to ensure that he did not forfeit his appellate rights. As requested, the trial court conducted a hearing. The trial court reported that although Baiyeri's counsel had received proper notice, neither Baiyeri nor his attorney appeared for the hearing.[1]

On May 31, 2023, we again abated the appeal. In our order, we noted that Baiyeri's retained appellate counsel was no longer eligible to practice law in Texas.[2] We again instructed the trial court to conduct a hearing to determine whether Baiyeri wanted to prosecute the appeal and—if Baiyeri did—to take any measures it deemed necessary to ensure that he did not forfeit his appellate rights. The trial court conducted a hearing on June 5, 2023, at which Baiyeri appeared telephonically. Baiyeri indicated that he wanted to pursue his appeal and that he wanted to retain an attorney.

---

[1]At a later hearing, Baiyeri denied having received notice of this May 2023 hearing.

[2]Baiyeri was represented by different counsel at trial.

In light of this new development, in a June 28, 2023 order, we stated, in pertinent part:

> The trial court found that appellant still desired to prosecute the appeal and that appellant wished to retain new appellate counsel.
>
> We therefore **ORDER** appellant to cause new retained counsel to file a notice of appearance in this court on or before **August 1, 2023**. If new retained counsel does not file a notice of appearance by **August 1, 2023**, the court may consider the appeal without briefs.

By August 1, 2023, Baiyeri had not filed anything pro se nor had any retained counsel made an appearance on his behalf. As of late October 2023, nothing has been filed by Baiyeri pro se or by retained counsel on his behalf. As warned in our June 28, 2023 order, we submitted Baiyeri's appeal without briefs. *See* Tex. R. App. P. 38.8(b)(4).

## II. DISPOSITION

When we consider a case without briefs because an appellant fails to file a brief, we review the entire appellate record to determine if fundamental error exists. *See Williams v. State*, 654 S.W.3d 222, 223 (Tex. App.—Fort Worth 2022, no pet.). We have reviewed the appellate record and have not found any fundamental error. *See Williams*, 654 S.W.3d at 223; *Savage v. State*, No. 02-21-00064-CR, 2022 WL 557488, at *3 (Tex. App.—Fort Worth Feb. 24, 2022, no pet.) (mem. op., not designated for publication) (listing types of fundamental error for which we review appellate record under Tex. R. App. P. 38.8(b)(4)). Accordingly, we affirm the trial court's judgment. *See Williams*, 654 S.W.3d at 224.

4

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  October 26, 2023